LUCY M. RANDOLPH, Appellant, *v.* WILLIAM E. D. STOKES, Respondent.

Second Department, April 24, 1908.

Contract to support bastard — immoral consideration.

An agreement by a putative father to pay a sum of money for the support of his illegitimate child is enforcible, although the support is to be furnished by the mother of the child.

However, an agreement between a man and woman by which, in consideration of the assumption of illicit relations, he agrees to pay to her a sum of money each month for the support and maintenance of a child which he desires her to bear him is against public morals and void.

APPEAL by the plaintiff, Lucy M. Randolph, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 20th day of June, 1907, upon the dismissal of the complaint by direction of the court after a trial at the Queens County Trial Term.

*Ralph H. Holland* [*George Gordon Battle*, with him on the brief], for the appellant.

*Abraham Gruber* [*Theodore B. Chancellor* with him on the brief], for the respondent.

RICH, J.:

At the close of the plaintiff's case the learned judge presiding at the trial dismissed the complaint on the ground "that the evidence does not constitute the cause of action alleged." The plaintiff had alleged that in the month of October, 1902, she, being at the time an unmarried woman, gave birth to a child, of which the defendant was the father; that the defendant, for a good and valuable consideration, had repeatedly promised to pay plaintiff a handsome sum of money each month for the support and maintenance of the child; "that the defendant is a man of great wealth, and that a moderate and reasonable estimate of the proper allowance to be made the plaintiff, as aforesaid, for the support of the said child is the sum of five hundred dollars ($500.00) each month; that the defendant has failed, neglected and refused to pay such allowance to the plaintiff

Second Department, April, 1908.                    [Vol. 125.

for the support of the said child for a period of nine (9) months
prior to the beginning of this action, and that there is now due and
owing to the plaintiff from the defendant on that account the sum
of four thousand five hundred dollars ($4,500.00)."

It appeared from her evidence, given upon the trial, that the
plaintiff met the defendant the first time pursuant to an appoint-
ment in June, 1900, was introduced to him, and immediately
accepted his invitation to drive in the park. She was with him an
hour upon this occasion, and during this time the defendant told
her " he was very unhappy, and would be very glad to have some
one that would be nice to him; that he would do anything in the
world for such a person." The next evening she dined with him;
she said, " he told me more things along the same line," and that it
was one of the sorrows of his life that he had only one child. At
the next interview " he still insisted that he would be very glad to
take care of me — do anything in the world for me if I would be true
to him." He brought up at that time the subject of a child. He
said that " he was very anxious to have a child; that he had but
one child, and he would not take that away from its mother; that
if I would have a child by him he would do everything in the world
for me and would support the child handsomely until the child was
twenty-one years of age, and that it would not be necessary for me
to take care of him." Sexual intercourse commenced then (in the
summer of 1900) and a child was born in October, 1902.

The action is not to recover a sum claimed to have been
advanced by the mother for the support of the child. The evidence
shows that up to the time of the commencement of the action
defendant had provided for its support and maintenance. He
was morally bound to do this, and there may be a way whereby the
proper and suitable support of the child, brought into existence as
the result of this wicked, immoral and shameful agreement, can be
guaranteed and enforced; but that phase of the agreement is not
presented by the pleadings. This action is to enforce the payment
of a sum alleged to be due the plaintiff under an agreement to pay
and allow to her a handsome and liberal sum of money each month
for the support and maintenance of the child. Such a contract
cannot be recognized as valid and binding as between these parties.
It is against public morals. The consideration for the agreement

on the part of the defendant was that the woman should submit to his immoral desires. She was satisfied if the offspring would be handsomely and liberally taken care of out of money paid *to her* by the defendant. Such a contract cannot and ought not to be enforced. It has been held repeatedly that an agreement by a putative father for the support of his illegitimate child is enforcible, and in *Hook* v. *Pratt* (78 N. Y. 371) Judge RAPALLO said: "There is nothing illegal in an undertaking by a putative father to support his illegitimate child; or to pay a sum of money in consideration of such support being furnished by another, though it be the mother of the child." But this action is brought for no such purpose; it is to recover upon an agreement alleged to have been made in part as an inducement to plaintiff to enter upon a career of illicit intercourse, and such an action may not be maintained.

The judgment must be affirmed, with costs.

WOODWARD, JENKS, HOOKER and MILLER, JJ., concurred.

Judgment affirmed, with costs.